**In the Matter of Curtis V. BRINK, a/k/a Curit Vaughn Brink, f/d/b/a Brinkwood Builders, Debtor.**

**David ZEUNERT, d/b/a David Zeunert & Associates, Plaintiff,**

v.

**Curtis V. BRINK, Defendant.**

**Adv. No. 82–0133.**

United States Bankruptcy Court, W.D. Wisconsin.

May 24, 1983.

See also 27 BR 377.

Jonathan D. Jackson, Jr., Jackson Law Offices, Madison, Wis., for plaintiff.

Michael P. Erhard, Madison, Wis., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROBERT D. MARTIN, Bankruptcy Judge.

### FINDINGS OF FACT

1. On March 20, 1979, at the specific instance and request of plaintiff ("Zeunert"), the defendant ("Brink"), Paul Magnuson and Tom Ellefson met with Zeunert in Madison, Wisconsin.

2. At the March 20, 1979 meeting, Zeunert was informed of the interest of Brink, Magnuson and Ellefson, as partners, in the possibility of developing a housing project in the Greater Highlands area of Middleton, Wisconsin. The project was described to Zeunert as being the construction of a minimum of 80 housing units on Lot 4 of the Greater Highlands under a working budget of $30,000.00 per unit to be financed through the Federal Housing Administration ("FHA") 234D program.

3. Although Brink made no direct statement of his or the partnership's ownership of Lot 4 of the Greater Highlands, Brink's statements with regard to that property led Zeunert to believe that the partnership owned Lot 4. Brink believed that his and the partners' interests in Lot 4 under an option to purchase were sufficient for development· of that parcel as planned. Discussion of various parcels within the Greater Highlands plat probably contributed to Zeunert's misapprehension of the ownership and zoning of Lot 4.

4. At the March 20, 1979 meeting, at the request of Zeunert, Brink, Magnuson and Ellefson agreed to afford to Zeunert the opportunity to develop preliminary schematic drawings for their·review, to the end that, should a decision be made to proceed with the proposed project, Zeunert and his firm should be engaged as project architects.

5. Brink, Magnuson and Zeunert met again in Madison, Wisconsin on April 23, 1979, for the purpose of reviewing Zeunert's preliminary schematic drawings. Further work on a "quad unit" approach was suggested and thereafter undertaken by Zeunert.

6. In May 1979, Brink reviewed Zeunert's revised version of the preliminary schematic drawings and questioned their zoning suitability for the proposed site. Zeunert's subsequent review of the zoning limitations indicated that no more than 56 housing units could be developed on the site as zoned.

7. The proposed project did not proceed and Brink refused to pay Zeunert's bill for services related to the project.

**30**

## CONCLUSIONS OF LAW

1. Zeunert, as the party objecting to dischargeability under 11 U.S.C. § 523(a)(2), has the burden of proving the facts essential to his objection with clear and convincing evidence.

2. The evidence submitted by Zeunert must prove all elements required for non-dischargeability under 11 U.S.C. § 523(a)(2)(A) as set out in this court's previous decision denying summary judgment for the plaintiff in this case.

3. The evidence submitted by Zeunert at trial does not prove, by clear and convincing evidence, (i) that Brink obtained services by means of false representations which he knew were false or which were made with reckless disregard of their truthfulness; or (ii) that Brink had an intent to deceive Zeunert.

4. Brink is entitled to be discharged from his debt to Zeunert.

## ORDER

Upon the foregoing findings and conclusions judgment may be entered granting the defendant herein discharge of his debt to the plaintiff.